UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DOROTHY HERRON, Individually and as )
Next Friend of DAVID J. MAY, )
 )
                     Plaintiffs, )     06-2098
 )
   v. )
 )
NATIONAL RAILROAD PASSENGER )
CORPORATION, )
 )
                     Defendant. )

### ORDER

     This case was removed from the Circuit Court in Champaign County, Illinois, on May 19, 2006. Plaintiff Dorothy Herron ("Herron") alleges that her father, David J. May ("May"), sustained injuries when he exited defendant National Railroad Passenger Corporation's ("Amtrak's") train as it approached Salt Lake City, Utah, or when May wandered through the railyards there.[1] Herron also claims she suffered severe emotional distress and resulting economic loss due to Amtrak's negligence.

     On May 26, 2006, the defendant filed a motion to dismiss, arguing that Herron has not adequately alleged her capacity to sue as May's next friend. Amtrak also contends that she cannot prevail on her claim for negligent infliction of emotional distress.

     This court's Local Rules state, "Any party opposing a motion . . . shall file a response . . . within fourteen (14) days after service of the motion and memorandum. If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties." CDIL-LR 7.1(B)(2). The plaintiffs did not file a timely response to the motion to dismiss.

     On August 7, 2006, the court entered an order citing the pertinent Local Rule and ordered the plaintiffs to file a response on or before August 22, 2006.[2] As of this date, the plaintiffs have

---

[1] May lacerated and broke his foot, and suffered aggravated confusion and fear.

[2] The order also stated that plaintiff's counsel was not admitted to practice before this court, nor was he registered for electronic filing. A subsequent check showed that this was incorrect. The court vacates the relevant part of its August 7, 2006 order requiring counsel to become admitted to practice and register for electronic filing.

1

not done so.

Count I: Capacity to sue

Amtrak argues for dismissal of Count I pursuant to Fed. R. Civ. P. 17(c) because there is no showing that May cannot bring this suit on his own.  "[A] next friend has the burden to clearly establish the propriety of his status.  Because [a] showing that he can proceed as a next friend is like any plaintiff's burden to show standing, [he] must allege his capacity to sue as a next friend in the complaint."  *T.W. v. Brophy*, 954 F. Supp. 1306, 1309 (E.D. Wis.1996).  The complaint is far from clear on this issue.  Herron and May purchased Amtrak tickets from Champaign, Illinois to Emeryville, California, with a change of trains in Chicago.  The complaint alleges that "as the train travelled into higher elevations in the mountains, . . . May, then age 81, became confused and incompetent due to his age and existing mental condition[.]"  The allegation ties May's incompetency to his travel through high elevations.  There is no indication that the confusion and incompetence persisted once May returned to a lower elevation.

Count II: Negligent Infliction of Emotional Distress and Financial Loss

In a Fed. R. Civ. P. 12(b)(6) motion the court " look[s] to the complaint; . . . accept[s] all material allegations made in the complaint as true, and . . . draw[s] all reasonable inferences from the allegations in the plaintiff's favor."  *Kolman*, 31 F.3d at 431 (*citing Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992)).  A motion to dismiss is granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Kolman*, 31 F.3d at 431 (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Herron alleges that she suffered severe emotional distress after her father could not be found on the train.  Illinois courts apply the "zone of physical danger" rule to a bystander's claim for negligent infliction of emotional distress.  *Rickey v. Chicago Transit Auth.*, 457 N.E.2d 1, 5 (Ill. 1983).  Under the rule, Herron must have been in such proximity to the accident in which May was physically injured that there was a *high risk to [her] of physical impact*."  *Rickey*, 457 N.E.2d at 5 (emphasis added).  Herron admits she was "hundreds of miles" from Salt Lake City when she learned that May had been injured and was in an emergency room in Salt Lake City.  Given the time and distance that had passed, Herron could not have been in close proximity to the accident that caused May's physical injury.  Consequently, she can prove no set of facts, consistent with the allegations in the complaint, that would entitle her to relief on this claim.[3]

---

[3] Herron claims the emotional distress included, among other things, "fears and concerns for her father during the remainder of her train travel to California, and many difficulties, personal efforts and problems required by her stay in California and travels to Salt Lake City during his hospitalization."  Her financial losses arose from these factors.

2

CONCLUSION

The motion to dismiss both Counts of the complaint [#4] is granted. The plaintiffs may file, within ten (10) days of the date of this order, an amended complaint to plead more clearly Herron's capacity to bring Count I on May's behalf.  If no amended complaint is filed within that time, this case will be terminated.

Entered this 24th day of August, 2006.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE