E-FILED
Wednesday, 06 December, 2006  03:36:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DOROTHY HERRON, Individually and as Next Friend of DAVID J. MAY, | ) ) ) | |
| Plaintiffs, | ) ) | 06-2098 |
| v. | ) ) | |
| NATIONAL RAIL PASSENGER CORP., | ) ) | |
| Defendant. | ) | |

ORDER

The plaintiffs (Dorothy Herron and her father, David May), acting through their attorney, Robert M. Finch, Esq., commenced this action in state court on April 19, 2006.  The defendant (commonly referred to as Amtrak) removed the action to this court on May 19, 2006, and then moved to dismiss the complaint for failure to state a claim.

The plaintiffs did not respond to the motion to dismiss.  On August 7, 2006, the court issued a text order citing Local Rule 7.1(B)(2).  Rule 7.1(B)(2) states in pertinent part, "Any party opposing a motion... shall file a response... within fourteen (14) days after service of the motion and memorandum. If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties."  The court then granted the plaintiffs additional time, to and including August 22, 2006, to file a memorandum in opposition to the motion to dismiss.  That date passed without the plaintiffs' response and the court dismissed the complaint, granting leave to the plaintiffs to file an amended Count I within ten days.[1]  The plaintiffs were warned that the case would be terminated if they failed to file an amended complaint within that time.

On September 5, 2006, the plaintiffs filed an amended complaint.  The defendants soon filed another motion to dismiss.  Despite having been reminded once of this court's Local Rule pertaining to responses in opposition to motions, the plaintiff again allowed the date to pass without opposing the motion.  It is now two and a half months past the deadline for filing the response.  The court presumes there is no opposition to the motion.  For the foregoing reasons, the motion to dismiss [#8] is granted in its entirety.

---

[1] The court dismissed Count II because the facts asserted by Ms. Herron negated her claim for negligent infliction of emotional distress.

## ANALYSIS

In ruling on a motion to dismiss, a court must accept the plaintiff's well-pled allegations as true and draw reasonable inferences in the plaintiff's favor. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Dismissal should be granted only if it appears that the plaintiff cannot prove a set of facts supporting his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Count I of the complaint alleges that Amtrak failed to exercise due care to ensure the safety of Mr. May, who suffered from the onset of Alzheimer's disease. Specifically, the plaintiffs state that Amtrak was required to keep all exterior doors of the train locked at all times except when at scheduled stops.[2] As a result, Mr. May exited the train at or near the Salt Lake City railway station and was found wandering the railyards. He suffered a laceration and a broken bone in his foot and also suffered aggravated confusion and fear as a result of Amtrak's negligence.

Amtrak argues that failure to lock and secure the exterior doors on the train cannot be a proximate cause of Mr. May's injury. *Newkirk v. National R.R. Passenger Corp.*, 618 F. Supp. 1422 (S.D. Ill. 1985) is factually similar to this case. That court ruled on summary judgment that any failure to lock the train's doors could not be a proximate cause of the plaintiff's injury because someone would have had to affirmatively lift the latch and open the unlocked door. *Newkirk*, 618 F. Supp. at 1425. *See also Donnelly v. National R.R. Passenger Corp.*, 16 F.3d 941, 945 (8th Cir. 1994) (finding Amtrak's failure to lock the door could not have caused the exit from the train); *Harris v. National R.R. Passenger Corp.*, 79 F. Supp. 2d 673, 677-78 (E.D. Tex. 1999) ("While it may be that an automatic locking mechanism would have prevented the falls, the . . . dangerous condition was [not] the cause in fact of the plaintiff's injuries.").

A common carrier must exercise the highest degree of care to its passengers. *Katamay v. Chicago Transit Authority*, 289 N.E.2d 623, 625 (Ill. 1972). The *Donnelly* court noted, "[Amtrak's] door handle can be locked but is not locked because the doors serve as emergency exits." *Donnelly*, 16 F.3d at 943. Thus, a locked door might have prevented Mr. May's exit, but it would have placed all passengers at risk of harm in the event of an emergency.

---

[2] The complaint also alleges that Amtrak had observed Mr. May's condition and confusion and had discussed it with Ms. Herron. Consequently, the plaintiffs allege that Amtrak owed a duty to assist Ms. Herron in caring for her father. While one California court apparently found a heightened duty when the injured party was mentally confused, *see Harris*, 79 F. Supp. 2d at 678 (*citing Killsgaard v. Amtrak*, No. 93318, slip op. (Super. Ct. Cty. Monterey June 12, 1997)), that case is not controlling and, in any event, has not been presented for this court's review.

The court grants Amtrak's motion to dismiss Count I of the complaint.  As to Count II, the allegations are almost identical to the allegations in Count II of the original complaint.  There is no need for the court to reconsider the sufficiency of Count II.  Count II is dismissed.

<u>CONCLUSION</u>

For the foregoing reasons, the court grants Amtrak's motion to dismiss [8].  This case is terminated. Costs are awarded to the defendant.

Entered this 6th day of December, 2006.

**s\Harold A. Baker**

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE